GRAVES *v.* BROOKS.

CORPORATIONS—STOCK—PAYMENT IN PROPERTY—OVERVALUATION.

·   Corporate stock issued as fully paid and nonassessable, in consideration of property transferred to the corporation, cannot be rendered assessable in payment of corporate debts, at the instance of the creditors and the holders of part-paid stock, for the difference between the value of such property and the par value of the shares, unless an intentional overvaluation of the property is actually shown, or such recklessness in fixing its value as to raise an inference of an intent to defraud.

Appeal from Wayne; Adams, J., presiding. Submitted June 7, 1898. Decided June 28, 1898.

Bill by Henry B. Graves, receiver of the Latimer Cash-Register Company, against Alanson S. Brooks, William G. Latimer, and Frederick W. Towle, impleaded with the corporation and other stockholders therein, to compel an assessment for the payment of debts. From a decree for complainant, defendants appeal. Reversed.

The bill of complaint was filed by the receiver of the Latimer Cash-Register Company, a corporation, to compel an assessment upon its stockholders to pay its debts. The capital stock of the corporation was $200,000. $100,-000 was issued to the defendants Latimer, Brooks, and Towle, who were the owners of the patents conveyed to the corporation, as fully paid, in consideration for the transfer of such patents to it. The other $100,000 of the stock was assessable. The corporation became insolvent, and after the sale of all its tangible assets, and the application thereof to the payment of its debts, a considerable amount remained unpaid. The case was heard upon pleadings and proofs, and the court below found that the property conveyed by the patentee stockholders was worth $20,000, and that the cash-paying stockholders had paid

in $20,000, and directed an assessment upon all the capital stock, except certain shares of the nonassessable stock which had been sold and transferred by the patentee stockholders to other parties, who were held to be innocent, good-faith purchasers. From this decree defendants Latimer, Brooks, and Towle alone appealed.

*Bowen, Douglas & Whiting*, for complainant.

*Moore & Moore*, for defendants.

GRANT, C. J. (*after stating the facts*). The stockholders of the defendant corporation were lawyers and business men. Before organizing the corporation and making the agreement with the patentee stockholders,.a careful investigation was made by them into the merits and value of the patents. A model of the register was submitted. Two firms of attorneys specially skilled in patent law, and acting independently of each other, had given opinions sustaining the validity of the patents. These opinions were submitted to the stockholders. Careful estimates were made of the cost of constructing the machines. The conclusion was reached that $20,000 would suffice to construct the necessary machinery and place the registers upon the market. The appellant defendants sold some of their nonassessable stock, and purchased some that was assessable. There is no claim of fraud, bad faith, misrepresentation, or recklessness on the part of the owners of the patents. They submitted to these capitalists all the knowledge they possessed. For aught that appears upon this record, the cash stockholders were as competent to judge of the probable success of the enterprise and the value of the patents as were the others. For reasons unnecessary to state, the stockholders, after an expenditure of about $20,000, decided to abandon the enterprise and wind up the affairs of the corporation.

The learned circuit judge evidently based his conclusion, not upon any fraud, but upon the finding that the patents conveyed were in fact worth only $20,000, instead of

$100,000, the agreed purchase price. It is unnecessary to enter into a discussion of the question. The case, in all its essential features, is similar to *Young* v. *Erie Iron Co.*, 65 Mich. 111, where the subject is fully discussed in an opinion by Mr. Justice MORSE, concurred in by the entire court. It was there held that, in order to render stock, issued as fully paid and nonassessable, assessable, it is necessary to establish either an intentional fraud in fact, or such reckless conduct in fixing the value of the property conveyed, without regard to its actual value, that an intent to defraud may be inferred. The creditors in that case were remediless. No case of fraud or recklessness having been established, it follows that the contract of the parties must control.

The decree must be reversed, with the costs of both courts, and the case remanded to the court below, with directions to enter a decree against the assessable stock sufficient to pay the debts of the corporation.

The other Justices concurred.